IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____x
CORTNEY MERRITTS,                      :
        Plaintiff,                     :
                                       :
v.                                     :    Case No. 1:25-cv-4343
                                       :
UNITED STATES OF AMERICA,              :
        Defendant.                     :
_____x
```

## COMPLAINT

Plaintiff, CORTNEY MERRITTS, by and through his undersigned counsel, alleges as follows:

### NATURE OF THE CASE & INTRODUCTION

1. This case is brought to seek redress for the illegal disclosure of Plaintiff's confidential tax return information in violation of 26 U.S.C. §§ 6103, 7431.

2. 26 U.S.C. § 6103 provides that "[r]eturns and return information shall be confidential" and prohibits disclosure and inspection by United States employees and other defined persons, except as specifically authorized in the provision. Section 6103(a)(1) specifically states that "no officer or employee of the United States . . . shall disclose any return or return information obtained by him in any manner..."

3. As the D.C. Circuit Court of Appeals has explained: "This general ban on disclosure provides essential protection for the taxpayer; it guarantees that the sometimes sensitive or otherwise personal information in a return will be guarded from persons not directly engaged in processing or inspecting the return for tax administration purposes. The assurance of privacy secured by § 6103 is

1

fundamental to a tax system that relies upon self-reporting." *Gardner v. United States*, 213 F.3d 735, 738 (D.C. Cir. 2000).

4. 26 U.S.C. § 7431 provides taxpayers a private right of action for damages against the United States for the knowing or negligent unauthorized inspection or disclosure of returns or return information in violation of 26 U.S.C. § 6103.

5. To recover under 26 U.S.C. § 7431(a)(1), a plaintiff need only prove: (1) a government employee knowingly or negligently disclosed confidential return information; and (2) the disclosure was not authorized by Section 6103. *See Welborn v. IRS*, 218 F. Supp. 3d 64, 85 (D.D.C. 2016).

6. This case arises out of a clear-cut violation of Section 6103. After the U.S. Attorney's Office for the District of Columbia obtained confidential tax return and return information from the IRS in a non-criminal tax case, the IRS expressly warned on April 30, 2024: "[i]f you or other personnel disclose the information contrary to these guidelines or use it for other purposes, you may become liable for civil damages, fines, and imprisonment for unauthorized disclosure under IRC Sections 7213, 7213A, and 7431, as well as Title 18 Section 1905 of the United States Code." *See* case no. 1:25-CR-76-JMC (D.D.C.) at docket no. 31-5 at p. 1. However, despite being expressly on notice, the U.S. Attorney's Office for the District of Columbia published—on a public federal court docket—the confidential tax return and return information for which disclosure was not authorized. Then, recognizing its egregious violation of federal law, the U.S. Attorney's Office for the District of Columbia *subsequently* sought a court order permitting its disclosure *nunc pro tunc* – *i.e.*, after the fact as if the Section 6103 violation had not already occurred.

7. In the context of this nation's history, Section 6103 plays an important role. "[I]n the wake of Watergate and White House efforts to harass those on its 'enemies list,'" Congress passed the

2

strict confidentiality requirements found in Section 6103. *Tax Analysts v. I.R.S.*, 117 F.3d 607, 611 (D.C. Cir. 1997); *see also* Tax Reform Act of 1976, Pub. L. No. 94-455, 90 Stat. 1520 (1976); James N. Benedict & Leslie A. Lupert, *Federal Income Tax Returns-The Tension Between Government Access and Confidentiality,* 64 Cornell L. Rev. 940, 941-42 (1979) ("This fundamental change resulted in part from Watergate-related events in the 1970s where evidence was uncovered that President Nixon may have had income tax audits and investigations initiated and conducted in a discriminatory manner for purposes unrelated to the collection of taxes."). A report prepared by the Joint Committee on Taxation explained that the "[r]easons for change" included the White House's acquisition of return information "pertaining to a number of well known individuals for non-tax purposes." Joint Comm. on Taxation, JCS-33-76, General Explanation of the Tax Reform Act of 1976 at 314 (1976). Against this backdrop, the sharing of return information by the IRS with other agencies—specifically including the U.S. Department of Justice outside of its Tax Division, raised privacy concerns, which could "seriously impair the effectiveness of our country's very successful voluntary assessment system, which is the mainstay of the Federal tax system." *Id.* Rather than allowing the Executive to control sensitive taxpayer records, "Congress undertook direct responsibility for determining the types and manner of permissible disclosures." *In re U.S.*, 817 F.3d 953, 960 (6th Cir. 2016) (quoting Office of Tax Policy, Taxpayer Confidentiality Provisions, Vol. I at 22).

8.  As the Hon. Rudolph Contreras recognized last year, "[t]o give teeth to these confidentiality provisions, Congress increased the criminal penalties found in 26 U.S.C. § 7213 and added civil liability." *Biden v. IRS*, case no. 1:23-cv-02711-RC (DDC) at doc. no. 39 at 9. As the district court explained, "Congress intended taxpayers' return information to be broadly protected from disclosure to prevent abuse by Executive officers and politicization of the voluntary assessment

3

system" and "the evolution of these statutes additionally demonstrates that Congress specifically decided that civil liability for federal employees' unlawful activity should lie against the federal government and not against the employees themselves." *See id.* at 9-10.

## JURISDICTION, VENUE, & STANDING

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1340, and 1346 and 26 U.S.C. § 7431(a)(1).

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1)-(2) as Defendant resides in this district and the operative events occurred in this district.

11. Plaintiff has Article III standing as his confidential tax return information was illegally disclosed.

12. This action is timely as it is within the two-year statute of limitations set out in 26 U.S.C. § 7431(d).

## JURY DEMAND

13. A jury trial is demanded pursuant to the Seventh Amendment and Fed. R. Civ. P. 38(a).

## THE PARTIES

14. Plaintiff is an American citizen and, at all relevant times, has been a resident of the State of Missouri.

15. Plaintiff is married to former United States Congresswoman Cori Bush, who is currently and at all times relevant to this lawsuit engaged in a campaign for the seat in Congress she previously held.

16. Defendant is the United States of America (the "Government").

17. At all relevant times, the Government acted by and through the U.S. Attorney's Office for the District of Columbia.

**FACTS**

18. On March 20, 2025, the Government obtained an indictment of Plaintiff in the United States District Court for the District of Columbia. *See United States v. Merritts*, case no. 1:25-CR-76-JMC (D.D.C.) (the "criminal case").

19. The Government is represented by the United States Attorney's Office in the criminal case.

20. At all relevant times, the attorneys representing the Government in the criminal case were (1) AUSA Emily A. Miller; (2) AUSA Brian P. Kelley; (3) Rami Sibay; and (4) U.S. Attorney Jeanine Ferris Pirro.

21. On November 26, 2025, the Government filed its "opposition to [Merritt's] motion in limine to prohibit the Government from attributing the act of production of corporate records to Merritts" in the criminal case at docket no. 31 (the "opposition").

22. Attached to the opposition were 15 exhibits. *See* case no. 1:25-CR-76-JMC at docket nos. 31-1 through 31-15.

23. Exhibit no. 4 to the opposition was a "certificate of lack of record" (IRS Form 3050) from the IRS. *See* case no. 1:25-CR-76-JMC at docket no. 31-4.

24. Exhibit no. 5 to the opposition was a letter dated April 30, 2024, from the IRS office of privacy, governmental liaison and disclosure to AUSA Josha S. Rothstein, which included the warning that "[i]f you or other personnel disclose the information contrary to these guidelines or use it for other purposes, you may become liable for civil damages, fines, and imprisonment for

5

unauthorized disclosure under IRC Sections 7213, 7213A, and 7431, as well as Title 18 Section 1905 of the United States Code." *See* case no. 1:25-CR-76-JMC at docket no. 31-5 at p. 1.

25. Attached to the April 30, 2024, letter was a certified copy (certified by the IRS) of the first three pages of Plaintiff's 2019 IRS Form 1040, including Plaintiff's social security number (not redacted) and Plaintiff's street address (not redacted). *See* case no. 1:25-CR-76-JMC at docket no. 31-4 at p. 3.

26. Exhibit no. 9 to the opposition was a draft of Plaintiff's 2020 IRS Form 1040 Schedule C. *See* case no. 1:25-CR-76-JMC at docket no. 31-9.

## STATUTORY BACKGROUND

27. Federal law provides that tax return and tax return information shall be confidential. 26 U.S.C. § 6103(a).

28. A tax "return" is defined at 26 U.S.C. § 6103(b)(1) as "any tax or information return, declaration of estimated tax, or claim for refund required by, or provided for or permitted under, the provisions of this title which is filed with the Secretary by, on behalf of, or with respect to any person, and any amendment or supplement thereto, including supporting schedules, attachments, or lists which are supplemental to, or part of, the return so filed."

29. Tax "return information" is defined at 26 U.S.C. § 6103(b)(2), which includes, *inter alia*, "a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the

determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense[.]"

30. "Taxpayer return information" is defined as "return information as defined in [26 U.S.C. § 6103(b)(2)] which is filed with, or furnished to, the Secretary by or on behalf of the taxpayer to whom such return information relates." 26 U.S.C. § 6103(b)(3).

31. "Taxpayer identity" is defined as "the name of a person with respect to whom a return is filed, his mailing address, his taxpayer identifying number (as described in section 6109), or a combination thereof." 26 U.S.C. § 6103(b)(6).

32. "Disclosure" is defined as "the making known to any person *in any manner whatever* a return or return information." 26 U.S.C. § 6103(b)(8) (emphasis added).

33. Federal law prohibits the disclosure of taxpayer returns and return information by officers and employees of the United States. 26 U.S.C. § 6103(a)(1).

34. As the D.C. Circuit has stated: "This general ban on disclosure provides essential protection for the taxpayer; it guarantees that the sometimes sensitive or otherwise personal information in a return will be guarded from persons not directly engaged in processing or inspecting the return for tax administration purposes. The assurance of privacy secured by § 6103 is fundamental to a tax system that relies upon self-reporting." *Gardner*, 213 F.3d at 738 (citation omitted).

## COUNT 1
**Violation of Section 6103**

35. Paragraphs 1 through 34 are realleged and incorporated herein.

36. 26 U.S.C. § 7431(a)(1) provides a private cause of action for violations of Section 6103.

37. Defendant violated Section 6103 by publicly disclosing Plaintiff's confidential tax return

7

information by:

    a. Publicly filing exhibit no. 4 to the opposition;

    b. Publicly filing exhibit no. 5 to the opposition; and

    c. Publicly filing exhibit no. 9 to the opposition.

38. Defendant's public disclosure of Plaintiff's tax return information was not "requested by the taxpayer," as contemplated under 26 U.S.C. § 7431(b)(2).

39. Defendant's public disclosure of Plaintiff's tax return information violated 26 U.S.C. § 6103.

40. Defendant, by and through employees of the United States, knowingly disclosed confidential return information.

41. Defendant, by and through employees of the United States, negligently disclosed confidential return information.

42. The disclosures by Defendant were not authorized by Section 6103.

43. Pursuant to 26 U.S.C. § 7431(c), Plaintiff is entitled to damages for each of these unauthorized disclosures.

44. Specifically, Plaintiff is entitled to the greater of (1) statutory damages in the amount of $1,000 for each act of unauthorized disclosure (26 U.S.C. § 7431(c)(1)(A)); or (2) the sum of the actual damages sustained by Plaintiff as a result of the unauthorized disclosure, plus punitive damages where Defendant acted willfully or with gross negligence (26 U.S.C. § 7431(c)(1)(B)(i)-(ii)).

45. Defendant's unauthorized disclosures were willful or, at a minimum, grossly negligent. Indeed, the IRS expressly warned the U.S. Attorney's Office for the District of Columbia it could face civil damages, fines, and imprisonment for such conduct—and they did it anyway.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that this Court:

A. Declare that Defendant willfully, or by gross negligence, unlawfully disclosed Plaintiff's confidential tax return information;

B. Award Plaintiff punitive damages in an amount to be determined by a jury;

C. *In the alternative,* award Plaintiff statutory damages;

D. Award Plaintiff reasonable costs and attorney's fees pursuant to 26 U.S.C. § 7431(c)(2)-(3), and as may be otherwise permitted by law;

E. Award pre- and post-judgment interest as permitted by law; and

F. Provide any such other relief that the Court deems appropriate.


Respectfully submitted,

/s/Joseph A. DiRuzzo, III                                                                                  Dec. 15, 2025
Joseph A. DiRuzzo, III
MARGULIS GELFAND DIRUZZO & LAMBSON
500 East Broward Blvd., Suite 900
Ft. Lauderdale, FL 33394
954.615.1676 (o)
954.827.0340 (f)
jd@margulisgelfand.com

/s/ Justin K. Gelfand
Justin K. Gelfand
MARGULIS GELFAND DIRUZZO & LAMBSON
7700 Bonhomme Avenue, Suite 750
St. Louis, MO 63105
314.390.0230 (o)
314.485.2264 (f)
justin@margulisgelfand.com